**JEFFREY KELLER FOOTE**
8824 W. El Caminito Drive
Peoria, AZ 85345
602-550-5847

*Plaintiff*

## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF ARIZONA.

In re the Matter of:

**JEFFREY KELLER FOOTE,**

          Plaintiff,

VS

**STATE OF ARIZONA DEPARTMENT OF PUBLIC SAFETY,**

**CITY OF PHOENIX,**

          Defendants.

Cause No.   CV-20-156-PHX-JAT-CDB

**COMPLAINT**

Plaintiff, for his cause of action against Defendants, and each of them, states and alleges as follows:

I.

Plaintiff, JEFFREY KELLER FOOTE, is now and was, at all relevant times, a resident of Maricopa County, Arizona, where the cause of action occurred.

II.

Defendant, State of Arizona Department of Public Safety the ( the "Department") and the City of Phoenix,( the "City") upon information and belief, are and were at all times relevant herein, government entities within the jurisdiction of Maricopa County, Arizona. At all times relevant

herein, Defendants were to operate within the authority granted them under the Arizona State Constitution and Arizona Revised Statutes.

### III.

Defendants are persons or entities that may be liable to Plaintiff whose true identities are presently not known. Plaintiff reserves the right to amend this complaint to set forth the true names of these entities when they become known.

### IV.

Venue is proper in U.S. DISTRICT COURT FOR THE DISTRICT OF ARIZONA.

### V.

Plaintiff sent a notice of claim to Defendants on June 3rd. 2019 by certified mail. The receipt is attached as exhibit "A". At the time of this filing Defendants have not responded to the notice of claim and demand letter sent to them. Plaintiff is in compliance with A.R.S. §12-821.01 and is authorized to proceed on his claims.

### VI.

Plaintiff was involved in a domestic dispute in early 1990 between himself and his then wife. Charges were filed by the City of Phoenix for domestic violence. Ultimately the charges were resolved with a trial and court dismissed. However, based on the record keeping and transfer between the City and the Department, the disposition updated on Plaintiff's criminal record was to a conviction for domestic violence and 365 days in jail. From that time in 1990 until late 2018, Plaintiff's criminal history has shown an incorrect criminal record of conviction which has impacted his life negatively, both financially and emotionally.

Plaintiff has been unable to secure legitimate work from employers throughout the years because he has failed necessary background checks. Unbeknownst to him, employers were finding this incorrect disposition and turning him down for employment. Furthermore, Plaintiff has suffered

significant emotional distress as his reputation has been tarnished by his unemployed status. Plaintiff is now nearing retirement and will not be able to receive Social Security, direct result of not being able to start a career due to prospective employer background check and failure of such. The resulting damage and injury to the Plaintiff will continue well into the future indeed. Once Plaintiff became aware of the incorrect criminal record, he worked tirelessly with the Department to fix it through the Department's challenge and review process. This process took several months, starting in early 2018 and finally resolving in January of 2019. Through a series of correspondences with Mirisue Galindo – who was assigned to Plaintiff's challenge – about his criminal record, it became clear that the Department knew why the record was inaccurate and why the Department was working to misrepresent to Plaintiff the nature of the error. Ultimately, the Department asked him to consent to an inaccurate update to his criminal record. The agent for the Department updated the record to a disposition of "not referred for prosecution". This is not an accurate representation of the actual disposition.

Additionally, throughout the process of appeal the Department misrepresented to Plaintiff such things as the fact that the Department did not have a disposition on file at all. The Department found a criminal record for him that showed he served 365 days in jail. The Department then changed their findings to show Mr. Foote serving 365 days of probation, all of the findings are fabricated, felonious in nature as the entry to the record was on purpose and not an over site. The fact is the Department recklessly changed the record at will to suit the situation. The Department added to the criminal history record the derogatory description of "intent, reckless, injury". The Department then requested Mr. Foote to complete, sign and notarize a perjury affidavit. Mr. Foote complied.  Lastly, the Department admitted that the file on Mr. Foote was missing a disposition and the city courts and the police department did not have any record of his arrest,

trial or disposition. Mr. Foote became suspicious of the Departments actions regarding what disposition the Department referenced in the research in which the correction of "365 days in jail" to "365 days probation".

The Notice of Findings received by Mr. Foote, RE: Arizona criminal record #AZ08785368. Clearly state: The audit of your Arizona criminal record is complete.

The Department made false and misleading statements to Plaintiff and continued to do so. Every challenge by Mr. Foote has resulted in a different disposition excluding the original requested in Mr. Foote's original challenge, "court dismissal". Eventually the Department admitted there was no disposition on file. This is contradictory to all the previously presented findings and audits. The Department has displayed misconduct with gross negligence and the willingness to disregard the law. The Departments efforts to commit fraudulent activities such as knowingly updating the criminal database with false dispositions explains how the incorrect disposition was entered in the first place. These errors have given rise to several claims by Mr. Foote against the above-named government agencies. Mr. Foote alleges a violation of 42 U.S.C. §1983 for violating his civil rights, fraud, defamation, conspiracy to commit a tort, violations of Arizona Administrative Code Title 13 Chapter 1, specifically R13-1-108 B 1, 2, and 3.

Plaintiff has calculated damages in excess of $3,473,280 for lost wages for the last twenty-nine years, social security and a punitive multiplier for the willful misconduct displayed by the Department and the City.

VII.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally as follows:

1. For damages in an amount to be determined at trial;
2. For all costs incurred herein;

3. For such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 21 day of January, 2020

*/s/ Jeffrey Keller Foote*

**Jeffrey Keller Foote**
8824 W. El Caminito Drive
Peoria, AZ 85345
Plaintiff

5