WO

JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Keller Foote,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Department of Public Safety, et al.,<br><br>Defendants. | No. CV 20-00156-PHX-JAT (CDB)<br><br>**ORDER** |

On January 21, 2020, Plaintiff Jeffrey Keller Foote, who is not in custody, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In District Court Without Prepaying Fees or Costs. In a January 24, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

After requesting and receiving an extension of time, on March 24, 2020, Plaintiff filed his Amended Complaint. In an April 2, 2020 Order, the Court dismissed the Amended Complaint with leave to amend because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order. Plaintiff subsequently requested and received two extensions of time to file a second amended complaint.

On September 11, 2020, Plaintiff filed a Second Amended Complaint (Doc. 17). The Court will dismiss the Second Amended Complaint and this action.

**I.     Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     Second Amended Complaint

In his Second Amended Complaint, Plaintiff seeks monetary relief from Defendants State of Arizona, Arizona Department of Public Safety (DPS), City of Phoenix, Mirisue Galindo, and Marleen Troxel. Plaintiff appears to allege that although he has never been convicted of any crime and has never been incarcerated, he has a "criminal record of assault and jail 365 days." Plaintiff asserts that because of this criminal record, he has been unable to obtain employment for 29 years. Plaintiff claims his right to life, liberty, and the pursuit of happiness has been violated by the Department of Public Safety Criminal History Records Division (CHRD). He alleges that according to the Arizona Auditor General, in 1990, the CHRD had a backlog of 100,000 cases and a less than 50% "completion of arrest records on file," which he asserts is unacceptable and in violation of the law. Plaintiff alleges that "someone had the idea to knowingly put false dispositions in the files that did not have a disposition" so that the audits of the CHRD completed arrest records on file would "rise to a more acceptable level." Plaintiff asserts that he does not know who "fabricated" the "inaccurate disposition of guilty and 365 days in jail" or when that disposition was "enter[]ed." Plaintiff contends that this act of gross negligence, fraud, libel, and the "felony act of knowingly entering false info[rmation] on a person[']s record" violated his constitutional rights.

## III.    Failure to State a Claim

### A.     Defendants State of Arizona and DPS

As the Court previously informed Plaintiff, under the Eleventh Amendment to the Constitution of the United States, a state or arm of the state may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' . . . are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). The Arizona Department of Public Safety is an arm of the State of

Arizona and is therefore not subject to suit under § 1983. Accordingly, Defendants State of Arizona and DPS will be dismissed.

### B. Defendant City of Phoenix

Plaintiff again names the City of Phoenix. The Court previously informed Plaintiff that a municipality may not be sued solely because an injury was inflicted by its employees or agents. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that the City of Phoenix maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. The Court will therefore dismiss Defendant City of Phoenix.

### C. Defendants Galindo and Troxel

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff has not connected any of the allegations in the Second Amended Complaint to Defendants Galindo and Troxel. The Court will therefore dismiss these Defendants.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 17) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 18th day of September, 2020.

James A. Teilborg
Senior United States District Judge